**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GULF CREDIT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2109** |
| **DHD OFFSHORE SERVICES, LLC, ET AL.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

In this litigation, Plaintiff Gulf Credit, LLC ("Gulf Credit") brought claims against DHD Offshore Services, LLC ("DHD") and the M/V EL CAPITAN, Official Number 290647 ("M/V EL CAPITAN"), her engines, tackle, appurtenances, furniture, apparel, equipment, bunkers, and all other necessaries appertaining and belonging.[1] On March 23, 2026, the Clerk of Court entered default in favor of Gulf Credit and against DHD.[2] Then, on July 21, 2026, this Court entered default judgment against DHD on Gulf Credit's claims for breach of promissory note but deferred Gulf Credit's request for costs and attorneys' fees pending further briefing on that issue.[3] Presently pending before the Court is Gulf Credit's memorandum in support of its request for an award of costs and attorneys' fees.[4]

Gulf Credit seeks costs and fees totaling $27,444.67, representing $11,288.67 in costs, $15,256.00 in attorneys' fees, plus $900.00 for the preparation and filing of Gulf Credit's

[1] Rec. Doc. 1.

[2] Rec. Doc. 29.

[3] Rec. Doc. 36.

[4] Rec. Doc. 38.

Memorandum in Support of an Award of Costs and Fees.[5]

Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the request for attorneys' fees in part and awards Gulf Credit attorneys' fees in the amount of $15,128.50 and costs in the amount $11,288.67 .

## I. Background

In 2024, DHD, as owner of the M/V EL CAPITAN, executed two promissory notes payable to the order of Gulf Credit.[6] In order to secure payment of the sums due under the promissory notes, DHD duly executed and delivered to Gulf Credit a Preferred Ship Mortgage, and by the terms of that mortgage, pledged the M/V EL CAPITAN, her engines, tackle, furniture, apparel, equipment, bunkers, appurtenances, and all other necessaries appertaining and belonging.[7]

On October 9, 2025, Gulf Credit filed a Complaint in this Court against the M/V EL CAPITAN, *in rem*, and its owner DHD, *in personam*, alleging breach of the Preferred Ship Mortgage and the promissory notes and seeking foreclosure of a maritime lien against the M/V EL CAPITAN.[8] On that same day, this Court issued a warrant of arrest, and the vessel was arrested.[9] Also on that same day, DHD, through its manager and sole member Dane H. Daigle, executed a waiver of service of summons.[10] On December 4, 2025, Gulf Credit filed a motion for interlocutory sale of the M/V EL CAPITAN.[11]

---

[5] Rec. Doc. 38.

[6] Rec. Docs. 1-2, 1-3.

[7] Rec. Doc. 1-4.

[8] Rec. Doc. 1.

[9] Rec. Docs. 9, 10, 11, 12.

[10] Rec. Doc. 13.

[11] Rec. Doc. 15.

On January 23, 2026, this Court granted Gulf Credit's motion for the interlocutory sale of the M/V EL CAPITAN.[12] On March 19, 2026, Plaintiff filed a motion for entry of default.[13] On March 23, 2026, the Clerk of Court granted entry of default against DHD.[14] On April 13, 2026, the U.S. Marshals Service filed a Process Receipt and Return indicating that the M/V EL CAPITAN had been sold to Gulf Credit at public auction for $293,333.33.[15] That same day, Gulf Credit filed a motion for default judgment against DHD.[16]

On July 21, 2026, the Court granted the motion for default judgment in part and deferred ruling in part.[17] Finding that Gulf Credit was entitled to default judgment against DHD and that Gulf Credit satisfied its burden in establishing the principal amounts and interest owed under the promissory notes, this Court entered default judgment in favor of Gulf Credit and against DHD for an amount in excess of $866,159.[18] Further, this Court found that fee-shifting provisions in the promissory notes and mortgage agreement permitted Gulf Credit to recover costs and fees incurred in litigating this matter.[19] However, the Court questioned Gulf Credit's requested costs and attorneys' fees (that is, "twenty-five (25%) percent of the amount due") as potentially excessive, given the stage of litigation and the fact that Gulf Credit had failed to produce any evidence

---

[12] Rec. Docs. 25, 26.

[13] Rec. Doc. 28.

[14] Rec. Doc. 29.

[15] Rec. Doc. 31.

[16] Rec. Doc. 30.

[17] Rec. Doc. 36.

[18] Rec. Doc. 36.

[19] *Id.* at 15.

justifying its requested costs and attorneys' fees other than the above referenced contracts.[20] Thus, to assess the reasonableness of the requested costs and fees, this Court ordered Gulf Credit to submit additional briefing regarding the requested costs and attorneys' fees.[21]

**<u>II. Gulf Credit's Arguments</u>**

On August 4, 2026, Gulf Credit submitted a memorandum in support of its claim for costs and attorneys' fees.[22] In its memorandum of support, Gulf Credit clarifies that Gulf Credit requests costs in the amount of $11,288.67 and attorneys' fees in the amount of $15,256.00, plus $900 for costs and fees incurred preparing and filing said memorandum.[23] Further, Gulf Credit contends that such costs and fees are reasonable under the lodestar approach.[24] Gulf Credit's evidence consists of the Declaration of Corey E. Dunbar, counsel for Gulf Credit.[25] Mr. Dunbar's declaration includes summaries of his legal experience and that of his associate, Jason C. Fourcier, and his paralegal, Cindy Hidalgo, to support their hourly rates, as well as a reports detailing the hours expended by them and the costs incurred on this matter.[26] Furthermore, Gulf Credit notes that it does not seek to have the lodestar increased pursuant to the twelve *Johnson* factors and did not brief this Court on the application of those factors to this case.[27]

---

[20] *Id.* at 15–16.

[21] *Id.* at 16.

[22] Rec. Doc. 38.

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 38-1.

[26] *Id.*

[27] Rec. Doc. 38 at 3.

## III. Law and Analysis

### *A. Standard for Attorneys' Fees and Costs*

As a general matter, disputes in admiralty are "'governed by the 'American Rule,' pursuant to which each party bears its own [attorney's fees and] costs,' unless there is a controlling statute or contractual provision that allows for such recovery."[28] The Court previously held that the contractual exception to the American Rule applies here and that the fee-shifting provisions in the promissory notes and the Preferred Ship Mortgage govern.[29] Now, the Court must determine whether Gulf Credit's requested fee award is reasonable.[30]

Courts sitting in the Fifth Circuit follow the lodestar approach to assess the reasonableness of a requested fee award arising from a maritime contract.[31] Calculating the lodestar is a two-step process.[32] First, the Court must determine the number of hours reasonably expended on the litigation as well as the reasonable hourly rate for the participating attorneys.[33] Then, the Court must multiply the two to reach the lodestar.[34]

The party seeking an award for attorneys' fees and costs carries the burden of establishing the reasonableness of their requested award.[35] To satisfy its burden, the moving party must submit adequate documentation of the hours reasonably expended and establish that the attorney exercised

---

[28] *RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc.*, 429 F. Supp. 3d 238, 242 (E.D. La. 2019) (alteration in original) (quoting *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003)).

[29] Rec. Doc. 36 at 14.

[30] *Id.* at 15.

[31] *Mayer Yacht Servs.*, 429 F. Supp. 3d at 242 (collecting cases).

[32] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995).

[33] *Id.* at 324.

[34] *Id.*

[35] *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983)).

"billing judgment," *i.e.*, that the attorney did not bill for excessive, duplicative, unproductive, or inadequately documented time.[36] Furthermore, pursuant to Local Rule 54.2, "[i]n all cases in which a party seeks attorneys' fees, the party must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed."

Once determined, the lodestar is presumed to be a reasonable fee award.[37] However, after calculating the lodestar, a court may decrease or increase the award based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[38] The *Johnson* factors are: (1) the time and labor required to litigate the matter, (2) the novelty and difficulty of the questions presented, (3) the skill required to properly litigate the issues, (4) the extent to which the attorney was precluded from engaging in other employment due to their litigating of the matter, (5) the customary fee for similar work in the community, (6) whether the attorney's fee was fixed or contingent, (7) whether the client or the circumstances imposed time limitations, (8) the amount of damages involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) whether the case was "undesirable," (11) the nature and length of the attorney-client relationship, and (12) fee awards in similar cases.[39]

***B. Analysis***

The first step in calculating the lodestar is determining the reasonable number of hours expended on this case. If the moving party fails to establish that its attorneys exercised billing judgment, "the proper remedy [is] . . . a reduction of the award by a percentage intended to

---

[36] *Who Da Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 520 (E.D. La. 2012) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)).

[37] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

[38] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

[39] *Id.* at 717–19.

substitute the exercise of billing judgment."[40] Alternatively, courts may conduct a line-by-line review of the billing documentation to determine whether the hours expended are reasonable and may, in turn, reduce the hours awarded.[41] An attorney fails to exercise billing judgment where their time was logged inadequately, duplicatively, or excessively.[42] Where time entries are incomplete or "too vague to permit meaningful review," district courts may reduce or eliminate those hours from the lodestar calculation.[43] Vague time entries are those that are "not illuminating as to the subject matter," or those that are "vague as to precisely what was done."[44] Courts in this district have recognized the following as examples of vague time entries: "revise memorandum," "review pleadings," "review file," "phone conference with co-counsel," "review email," "review [ ] client documents."[45]

The Court has conducted a line-by-line review of the billing records attached to Mr. Dunbar's declaration detailing the time expended by Mr. Dunbar, his associate, and his paralegal. In litigating this matter, Mr. Dunbar researched and prepared various motions relating to the seizure and sale of the M/V EL CAPITAN, as well as coordinated with the U.S. Marshal and an appraiser for the same. The majority of Mr. Dunbar's time entries are sufficiently described for this Court to find that those entries reflect hours reasonably expended on this matter. However, the

---

[40] *Saizan*, 448 F.3d at 799 (citing *Walker*, 313 F.3d at 251).

[41] *See Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (recognizing that a court can conduct a line-by-line analysis of billing records in assessing attorneys' fees rather than merely reducing an award by a percentage to substitute for a lack of business judgment).

[42] *Saizan*, 448 F.3d at 799.

[43] *La. Power*, 50 F.3d at 326 (citing *Hensley*, 461 U.S. at 434).

[44] *Id.* at 326–27.

[45] *Danos v. Panel Specialists, Inc.*, No. 22- 14, 2023 WL 6167152, at *4 (E.D. La. July 24, 2023), report and recommendation adopted, No. 22-14, 2023 WL 6161017 (E.D. La. Sept. 21, 2023) (citing *Barrow v. Greenville Indep. Sch. Dist.*, No. 00-913, 2005 WL 6789456, at *11 (N.D. Tex. Dec. 20, 2005), *aff'd*, No. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007)); *United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 673 (E.D. La. 2020).

Court finds several entries by Mr. Dunbar are vague or describe administrative tasks. These vague entries include several entries for "review of file," "[p]reparation of updated draft documents," "review of documents from US Marshal," "telephone conference with US Marshal and Process Service re: meeting," "review of documents from GPII," "[r]eview of Order," "[e]mails with [D]ane Daigle and Marshal's Office re: status," and "[o]ffice conference with GPII re: status."[46] Furthermore, Mr. Dunbar billed time for filing various documents with this Court, which is an administrative task.[47] As such, Gulf Credit failed to satisfy its burden of establishing Mr. Dunbar's billing judgment with respect to these entries.

This Court finds it appropriate to reduce the award for Mr. Dunbar's time by ten percent, rather than striking each entry on vagueness grounds. Many of these above tasks are included in entries that are block-billed, meaning they are listed with other tasks in a single entry.[48] "Block-billing is generally disfavored because it impedes the reasonableness analysis."[49] Mr. Dunbar's practice of block-billing makes this Court's line-by-line review difficult, as this Court cannot separate the time expended on administrative tasks or vague tasks from the tasks described sufficiently.[50] Given this difficulty, a ten percent reduction in Mr. Dunbar's hours expended on this matter reflects an appropriate substitute for his billing judgment.[51] Thus, the Court reduces the number of hours claimed by Mr. Dunbar from 34.25 hours to 30.825, plus 3 hours in preparing

---

[46] Rec. Doc. 38-1 at 3–6.

[47] *See MGMTL, LLC v. Strategic Tech. Inst., Inc.*, 776 F. Supp. 3d 419, 458 (E.D. La. 2025) (collecting cases).

[48] *See C & D Prod. Servs. v. Dir., Off. of Worker's Comp. Programs*, 376 F. App'x 392, 394 (5th Cir. 2010) (defining block billing).

[49] *Ex rel McNeil*, 451 F. Supp. 3d 657, 673 n.45 (E.D. La. 2020).

[50] *See id.* (applying *C & D Production Services*, 376 F. App'x 392).

[51] *See Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.").

Gulf Credit's memorandum of support on this instant matter.

Mr. Fourcier, Mr. Dunbar's associate, expended a total of 26.6 hours in connection with his work before this Court.[52] The billing records reflect the date, time expended, and nature of the services performed by Mr. Fourcier and are limited to Mr. Fourcier's work on the case while it was pending before this Court.[53] Specifically, the 26.6 hours billed by Mr. Fourcier reflect his time spent researching and preparing Gulf Credit's complaint and various motions related to the seizure of the M/V EL CAPITAN.[54] Having reviewed the detailed billing records provided by Mr. Fourcier, and considering that the calculations are unopposed, the Court finds that 26.6 hours is a reasonable amount of time expended by Mr. Fourcier in connection with this instant matter.

The billing records reflects only two entries by Mr. Dunbar's paralegal, totaling 0.4 hours, in connection with Ms. Hidalgo's work on this matter.[55] The billing records reflect the date, time expended, and nature of the services performed by Ms. Hidalgo and are limited to her work on the case while it was pending before this Court.[56] Specifically, the 0.4 hours billed by Ms. Hidalgo reflect her time spent preparing the application for and ordering the abstract of title.[57] Having reviewed the detailed billing records provided by Ms. Hidalgo, and considering that the calculations are unopposed, the Court finds that 0.4 hours is a reasonable amount of time expended by Ms. Hidalgo in connection with this instant matter.

The Court must next determine the reasonable hourly rate of the participating attorneys. In

[52] Rec. Doc. 38 at 4.

[53] Rec. Doc. 38-1.

[54] *Id.*

[55] Rec. Doc. 38 at 4.

[56] Rec. Doc. 38-1.

[57] *Id.*

the Fifth Circuit, a reasonable hourly rate is derived by "consider[ing] the attorneys' regular rates as well as prevailing market rates."[58] When an attorney requests their regular rate and that rate is not contested, it is prima facie reasonable.[59] Here, Gulf Credit seeks to set the hourly rate of Mr. Dunbar at $300 per hour, his associate at $185 per hour, and his paralegal at $150 per hour.[60]

In his declaration, Mr. Dunbar states that, as of January 2026, his normal billing rate for litigating cases is $325 per hour.[61] However, Mr. Dunbar agreed to represent Gulf Credit at a rate of $300 per hour in July 2025 and continued to charge Gulf Credit that reduced rate throughout this litigation.[62] Further, a review of recent cases from this district makes clear that $300 is within the range of reasonable rates for attorneys with twenty years of experience, like Mr. Dunbar, especially given Mr. Dunbar's experience in maritime disputes.[63] Thus, the Court finds that $300 per hour for Mr. Dunbar's legal services is a reasonable rate and an appropriate factor in calculating the lodestar.

At the time Mr. Fourcier participated in this matter, he had two years of litigation experience.[64] The Court finds that the requested rate for Mr. Fourcier's legal services, $185 per

---

[58] *La. Power*, 50 F.3d at 328.

[59] *Id.*

[60] Rec. Doc. 38 at 3.

[61] Rec. Doc. 38-1 at 1.

[62] Rec. Doc. 38-1.

[63] *See, e.g.*, *Kenai Ironclad Corp. v. CP Marine Servs., LLC*, No. 19-2799, 2022 WL 3223990, at *4 (E.D. La. July 21, 2022) (finding that $290 per hour for attorneys with 29 and 14 years of experience to fall within the range of prevailing rates in the community); *REC Marine Logistics, LLC v. Richard*, No. 19-11149, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (finding $375.00 an hour for an attorney with 13 years of experience reasonable); *Mayer Yacht Servs.*, 429 F. Supp. at 243 (E.D. La. 2019) (finding that $300 and $225 per hour for attorneys with 40 and 6 years of experience, respectively, to be reasonable); *Who Dat Yat Chat,* 838 F. Supp. 2d at 520 (E.D. La. 2012) (finding that $325 an hour for an attorney with 28 years of experience, $250 per hour for an attorney with 16 years of experience, $200 per hour for an attorney with 9 years of experience, and $175 per hour for an attorney with 4 years of experience to were reasonable rates).

[64] Rec. Doc. 38-1.

hour, is reasonable given Mr. Fourcier's experience and the range of prevailing rates within the community.[65]

At the time Ms. Hidalgo participated in this matter, she had twenty-nine years of experience as a paralegal.[66] A paralegal's time billed is recoverable "to the extent that the paralegal's duties consist of work traditionally done by an attorney."[67] Having reviewed the billing records submitted by Gulf Credit, the Court finds that Ms. Hidalgo's time billed, namely her services preparing the application for and ordering the abstract of title, is recoverable.[68] Further, the Court finds that the requested rate for Ms. Hidalgo's paralegal services, $150 per hour, is reasonable given Ms. Hidalgo's experience and the range of prevailing hourly rates within the community.[69]

The Court calculates the lodestar for each individual as follows:

| | **Hours Reasonably Expended** | **Reasonable Hourly Rate** | **Lodestar** |
|---|---|---|---|
| Corey E. Dunbar | 33.825 | $300 | $10,147.50 |
| Jason C. Fourcier | 26.6 | $185 | $4,921.00 |
| Cindy Hidalgo | 0.4 | $150 | $60.00 |

After calculating the lodestar, a court may decrease or increase the amount of attorneys' fees based on the relative weights of the twelve *Johnson* factor.[70] The lodestar may not be adjusted due to a *Johnson* factor, however, if the calculation of the lodestar already accounted for that

---

[65] *See, e.g.*, *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2020 WL 2850167 (E.D. La. June 2, 2020) (affirming that a rate of $180 per hour for an attorney with two years of experience as reasonable).

[66] Rec. Doc. 38-1.

[67] *Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016).

[68] *Id.*

[69] *Id.*

[70] *Saizon*¸ 448 F.3d at 800.

factor.[71] Such reconsideration is "impermissible double-counting."[72] The *Johnson* factors do not justify a deviation from the lodestar here, as the relevant factors that would warrant an increase or decrease are already accounted for in the Court's calculation of the lodestar. Therefore, Gulf Credit is entitled to $15,128.50 in attorneys' fees, a total which includes the time reasonably expended on preparing Gulf Credit's supplemental briefing in support of an award for costs and fees.

Finally, with respect to costs, Gulf Credit submitted a cost report attached to Mr. Dunbar's declaration.[73] The cost report describes all costs incurred in this matter by its description, transaction date, and amount.[74] As Mr. Dunbar states in his declaration, the expenses reflected in the cost report include $9,415.00 for the U.S. Marshal deposit and commission, $985.77 for publishing costs for notice, $405.00 for filing fees, $350.00 for services costs, $79.00 for vessel abstract and UCC research costs, and $53.90 in PACER costs.[75] After careful review of the cost report, this Court finds that the $11,288.67 in costs and expenses incurred by Gulf Credit are reasonable both in terms of their amount and nature.

## IV. Conclusion

For the reasons discussed above, the Court awards Gulf Credit attorneys' fees in the amount of $15,128.50 and costs in the amount $11,288.67 from DHD.

Accordingly,

---

[71] *Id.*

[72] *Id.*

[73] Rec. Doc. 38-1 at 6.

[74] *Id.*

[75] *Id.* at 2.

**IT IS HEREBY ORDERED** that Gulf Credit's request for attorneys' fees and costs[76] is **GRANTED IN PART.** Gulf Credit is awarded attorneys' fees in the amount of $15,128.50 and costs in the amount $11,288.67

**NEW ORLEANS, LOUISIANA**, this 14th day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[76] Rec. Docs. 30, 38.